**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN HARDEMAN, | No.   19-16253 |
| Plaintiff-Appellant, | 19-16255 |
| v. | D.C. Nos.   3:16-cv-00525-VC |
| MONSANTO COMPANY, | 3:16-md-02741-VC |
| Defendant-Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 23, 2020**
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Appellant Edwin Hardeman appeals the district court's imposition of sanctions of $500.00 each against his attorneys Aimee Wagstaff and Jennifer Moore.  This court has jurisdiction under 28 U.S.C. § 1291.  We affirm the sanctions imposed on Wagstaff and reverse the sanctions imposed on Moore.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the facts, we do not recount them here.

We review for an abuse of discretion a district court's imposition of sanctions under its inherent power. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). "[A] district court abuses its discretion when it makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc) (cleaned up). "[T]he district court's findings of fact, and its application of those findings of fact to the correct legal standard," are clearly erroneous if they "were illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

1. Wagstaff

The district court did not abuse its discretion in sanctioning Wagstaff due to at least three acts during her opening statements cited in its sanctions order.[1] First, Wagstaff "spoke to the jury about what Phase 2 of the trial would involve, despite a clear understanding among the parties that this would be off limits." Second, she violated the district court's "pretrial ruling strictly limiting the evidence that would

---

[1] We do not address the other two acts listed in the sanctions order because the three acts discussed below were sufficient to show that sanctions were not an abuse of discretion.

be admissible about IARC during Phase 1." Third, she "violated the Court's bifurcation order and its pretrial evidentiary ruling limiting evidence about the EPA's analysis of glyphosate." The district court did not abuse its discretion by inferring bad faith from Wagstaff's recklessness in the first act and her violations of pretrial orders in the second and third acts. *See Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (holding sanctions can be imposed for recklessness "coupled with an improper purpose"); *Miller v. City of Los Angeles*, 661 F.3d 1024, 1029 (9th Cir. 2011) (holding it is "permissible to infer bad faith" from a violation of an order "plus the surrounding circumstances"). We affirm the sanctions imposed on Wagstaff.

2. Moore

The district court's order sanctioning Moore was an abuse of discretion. First, the district court did not find that Moore was reckless or that she directly violated its pretrial orders. Rather, it ascribed Wagstaff's misconduct to Moore, who did not exert supervisory authority over Wagstaff. According to the court, Moore "intentionally joined" in Wagstaff's bad-faith misconduct. But Wagstaff claimed all responsibility for the opening statement and stated that "no one had the authority to edit, delete, or add phase 1 slides without [her] permission." The district court did not cite any fact showing that Moore, not Wagstaff, violated its

3

orders. Accordingly, the district court's order did not meet the "high threshold" of bad faith. *See Primus*, 115 F.3d at 649.

Furthermore, the district court did not adequately explain how it inferred Moore's bad faith intent to violate its pretrial rulings from the other attorneys' letters responding to the show-cause order. The letters uniformly expressed a desire to abide by the pretrial evidentiary rulings, supporting an inference of good faith attempts at compliance. The district court's finding that Moore went "forward with an opening statement that . . . violated . . . pretrial rulings," without more explanation, is "without support" and an abuse of discretion. *See Hinkson*, 585 F.3d at 1251.

Because the district court did not specifically find that Moore was reckless or that she committed direct violations of pretrial orders, and because it inferred bad faith intent without support, sanctions against Moore were an abuse of discretion. We reverse the district court's order imposing sanctions of $500.00 on Moore.

**AFFIRMED AS TO WAGSTAFF. REVERSED AS TO MOORE.**